

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Michelle Winters v. Marina Dist Dev Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2464

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Michelle Winters v. Marina Dist Dev Co" (2009). *2009 Decisions.* Paper 1727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2464
_____

MICHELLE AND ROBERT WINTERS,
                              Appellants

v.

MARINA DISTRICT DEVELOPMENT CO., LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-5937)
(Magistrate Judge: Honorable M. Faith Angell)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2009
_____

Before: BARRY and GREENBERG, <u>Circuit Judges</u>,
and ACKERMAN, <u>Senior District Judge</u>.[*]

(Filed: March 18, 2009)
_____

OPINION
_____

_____

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

ACKERMAN, <u>Senior District Judge</u>.

Plaintiff-Appellant Michelle Winters ("Plaintiff") fell from a chair at a casino in Atlantic City, New Jersey and brought suit against Defendant-Appellee Marina District Development Co., LLC, owner of the Borgata Hotel Casino and Spa ("Borgata") for injuries she allegedly sustained. Evidence of Plaintiff's history of seizures was admitted by the District Court at trial, and a jury subsequently found no liability on Borgata's part. Following trial, Plaintiff moved to set aside the jury verdict, a motion which the District Court denied. Plaintiff and her husband filed a timely notice of appeal. For the following reasons, we conclude that the District Court did not abuse its discretion in admitting evidence of Plaintiff's seizures, and will affirm the District Court's ruling.

## I.

Plaintiff alleges that on August 27, 2004, she fell while attempting to sit on a chair in front of a slot machine on the premises of the Borgata. Plaintiff claims that she slipped and fell on a clear liquid substance. Borgata contends that it had no actual or constructive notice of the liquid. As a result of the accident, Plaintiff asserts she suffered severe and permanent injuries. There were no witnesses to the alleged fall besides Plaintiff's mother.

Prior to trial, Plaintiff filed a motion *in limine* to exclude evidence of unrelated medical conditions, a motion which was denied by Magistrate Judge M. Faith Angell

(hereinafter referred to as the "District Court").[1]  When the District Court presented its ruling at a final pretrial conference, Plaintiff's counsel sought clarification as to whether evidence of Plaintiff's seizures was included in the District Court's ruling.  The District Court stated that the seizure evidence was relevant and admissible at trial.

Moments before the trial began, Plaintiff's counsel renewed his argument that evidence of Plaintiff's seizures should not be admitted at trial.  He urged that the seizure evidence was not relevant because Borgata was not going to assert that a seizure caused Plaintiff to fall.  Further, he asserted that the seizure evidence was unduly prejudicial. The District Court again ruled that evidence of Plaintiff's seizures was relevant and admissible at trial.

Both parties introduced seizure evidence at trial.  During its closing argument, Borgata told the jury that it was not arguing that a seizure necessarily caused Plaintiff's accident.  Instead, Borgata asserted, even assuming there was some accumulation of clear liquid, Plaintiff had not established liability because she did not establish that Borgata had actual or constructive notice of the existence of this condition.  Borgata argued that it had "a very reasonable maintenance plan which was preventative and responsive," and that Plaintiff's fall was "a simple incident that was completely and totally not the fault of the Borgata."  (App. at 12.)

---

[1] On March 8, 2007, with the consent of the parties, District Judge Norma Shapiro referred this case to Magistrate Judge Angell to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(a).

On August 8, 2007, after a two-day trial, a jury returned a verdict for Borgata, determining that Plaintiff had not proved by a preponderance of the evidence that Borgata was negligent. Subsequently, Plaintiff filed a motion to set aside the jury verdict and for a new trial pursuant to Federal Rule of Civil Procedure 59, contending that the District Court erred in denying her motion *in limine* as it related to seizures because the seizure evidence was not relevant and its probative value was substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury. The District Court denied Winters's motion, and Plaintiff now appeals.

The District Court had jurisdiction under 28 U.S.C. § 1332, and this Court exercises jurisdiction under 28 U.S.C. § 1291.

## II.

### A.

"We review the evidentiary determinations of the trial court under an abuse of discretion standard." *West v. Phila. Elec. Co.*, 45 F.3d 744, 752 (3d Cir. 1995); *Glass v. Phila. Elec. Co.*, 34 F.3d 188, 191 (3d Cir. 1994). In the context of a decision to admit or exclude evidence under Federal Rule of Evidence 403, an abuse of discretion exists where that decision is shown to be "arbitrary and irrational." *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 187 (3d Cir. 1990); *see also SEC v. Infinity Group Co.*, 212 F.3d 180, 195 (3d Cir. 2000) ("An abuse of discretion is a clear error in judgment, and not simply a different result which can arguably be obtained when applying the law to the

4

facts of the case.") (internal quotation marks omitted). An erroneous decision to admit or exclude evidence does not constitute reversible error unless "a substantial right of the party is affected[.]" *Linkstrom v. Golden T. Farms*, 883 F.2d 269, 269 (3d Cir. 1989); Fed. R. Evid. 103(a). The same standard is applied when the District Court reviews an evidentiary ruling in the context of a motion for a new trial. *See Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 921-22 (3d Cir. 1986) ("Where a contention for a new trial is based on the admissibility of evidence, the trial court has great discretion . . . which will not be disturbed on appeal absent a finding of abuse."); *see also Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1370 (3d Cir. 1991) (internal quotation marks omitted).

**B.**

Under the Federal Rules of Evidence, evidence may only be admitted if it is "relevant." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The District Court found the seizure evidence relevant on two grounds. First, it ruled that "Plaintiff's seizure history, immediately before and after the Borgata incident, was clearly relevant . . . as one potential cause of Plaintiff's accident." (App. at 16.) Plaintiff suffered about twenty seizures in the two months leading up to the Borgata incident. "While having a seizure," the District Court noted, "Plaintiff would experience

5

some visual changes." (*Id.* at 15.) During one hospitalization two weeks before the Borgata incident, Plaintiff "felt that her vision was closing in on her[.]" (*Id.*) These episodes were severe enough that Plaintiff wore a monitor to check for irregular heartbeats and was accompanied by her mother at her home and at the Borgata in case Plaintiff suffered a seizure. Within a week before the Borgata incident, Plaintiff was taking the following medications: Effexor, Percocet, ASA, and Ibuprofen.

Plaintiff also suffered seizures after the Borgata incident, including one immediately after the incident when Borgata employees placed her in a wheelchair. Indeed, "[w]hen Borgata personnel asked for her medical history, Plaintiff told them about her seizures." (App. at 16.) Plaintiff suffered several more seizures in the days and weeks following the Borgata incident, and was hospitalized for a week in late September 2004 for evaluation of her seizures.

The District Court's finding did not constitute an abuse of discretion because the evidence suggested that Plaintiff's condition may have affected her visual perception, and thus was of some consequence to the determination of causation, an integral element of Plaintiff's negligence suit. *Cf. Mahon v. Reading Co.*, 367 F.2d 25, 27 (3d Cir. 1966) ("Testimony of a prior illness is both relevant and material in a bodily injury action to an inquiry about later lost work time. Whether there is any causal connection existing between the two is for the jury to decide.").

The District Court also ruled that the seizure evidence was "relevant in the context

6

of the scope of Plaintiff's purported injuries," and by extension, to Plaintiff's credibility. (App. at 16.) Plaintiff claimed that, as a result of the fall, she suffered back injuries and lumbar radiculopathy, and had to go the hospital several times for treatment. However, during trial, evidence was presented that showed that Plaintiff was admitted to Atlantic City Medical Center for "convulsions," not back pain, and that, in a visit a month later to another hospital, Plaintiff failed to mention her alleged fall at Borgata when she described her medical history. "Evidence of Plaintiff's seizure history was thus relevant to Plaintiff's claim of lumbar radiculopathy as a result of her fall at the Borgata, and, therefore, to her credibility." (App. at 17, Dist. Court Op. at 7.)

Given the considerable deference afforded the District Court on evidentiary matters, the District Court committed no abuse of discretion when it determined that the seizure evidence was relevant. This evidence had a "tendency to make the existence of [a] fact that is of consequence to the determination of the action" — causation and damages (and credibility) — "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. This Court sees no reason to disturb the District Court's finding.

Nor will the Court disturb the District Court's finding that the seizure evidence was not unduly prejudicial. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "[T]he prejudicial effect of admitting the

7

evidence must rise to the level of creating an unfair advantage for one of the parties for the evidence to be excluded under Rule 403." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-44, n.6 (3d Cir. 2002).

Plaintiff tenders several arguments concerning undue prejudice, but all relate to a similar theme: jury speculation. "Allowance of evidence of the seizures caused the jury to speculate that the injuries alleged were caused by seizures." (Pl.'s Br at 22.) The District Court properly dispensed with this argument:

> Evidence cannot be deemed unfairly prejudicial merely because the jury has room for some speculation as to the evidence's exact relevance to the accident in question. If anything, Defendant's statement that he was not arguing that a seizure caused the accident would have eliminated or severely diminished any chance that the jury would have speculated that a seizure was in fact the cause.

(App. at 18.) The District Court also found that the seizure evidence was not speculative because it was based on medical records and Plaintiff's own testimony. The District Court did not clearly err in its judgment because it based its findings on an appropriate balance of the probative value and potential prejudice of the seizure evidence. Simply put, the District Court did not act "arbitrarily and irrationally in its finding that any unfair prejudice did not outweigh the relevancy" of Plaintiff's seizure history. *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 133 (3d Cir. 1997). The District Court's ruling shall stand.

## III.

For these reasons, we will affirm.

8